UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
AT ERIE

| | |
|---|---|
| TRACY BRADLEY, | ) |
| Plaintiff, | ) Civil Action No. 16-295 |
| v. | ) ORDER |
| CO PUTNAM, *et al.*, | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("R&R") of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending that the Court grant the motion to dismiss filed by Defendants Rivers, Knight, Davis, Anderson, Jones, Szelewski, Franz, and Clark [28]. (Doc. 60). Specifically, the R&R states that Plaintiff's due process claims do not implicate a protected liberty interest. (*Id.* at 8-9);[1] s*ee Burns v. PA Dep't of Corr.*, 544 F.3d 279, 285 (3d Cir. 2008) (a plaintiff proceeding under 42 U.S.C. § 1983 and alleging Fourteenth Amendment procedural due process claims "must show (1) that the state deprived him of a protected interest in life, liberty, or property and (2) that the deprivation occurred with due process of law") (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Plaintiff, in his Complaint and in relevant part, alleges that Defendants violated his Fourteenth Amendment right to due process when they sanctioned him to 60 days of disciplinary custody within SCI Albion,

---

[1] Additionally, or alternatively, the R&R recommends dismissing Plaintiff's claims against Defendants Clark and Franz because they are based solely on Defendants' being supervisors and failing to act after the alleged misconduct took place. Doc. 60 at 6-7 (citing Compl., Doc. 3; Pl's. Opp., Doc. 32 at 4; *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) ("[A] supervisor may be personally liable under § 1983 if he or she participated in violating plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations.")).

1

where Plaintiff is incarcerated. (*Id.* (citing Compl., Doc. 3)). The sanction was issued after a hearing, which itself was held in response to Plaintiff's having received a "misconduct report" on November 4, 2016. (Compl., Doc. 3 at 4; Misconduct Report, Doc. 3 at 7; Disciplinary Hearing Report, Doc. 3 at 8). On November 4, 2016, Plaintiff vomited during a visit with his wife in the in the prison's visiting hall. (Doc. 3 at 4). Believing that Plaintiff's vomiting was the result of his attempting to swallow contraband that had been smuggled in by his wife, Defendants Rivers and Davis called for Defendant Anderson, who works with the prison's Security Department. (*Id.* at 3-4, 7). Defendants Anderson and Jones questioned Plaintiff's wife, who denied bringing in or otherwise having any contraband; and Defendant Jones strip searched Plaintiff. (*Id.* at 4). Plaintiff alleges that he, too, denied having any contraband. (*Id.*) However, in the resulting Misconduct Report, which Plaintiff attached to his Complaint, Defendant Anderson states that Plaintiff "admitted to attempting to swallow" drugs, and that after Plaintiff's interview, a video depicting the visiting hall during the relevant time period documented Plaintiff attempting "to swallow a large red balloon." (*Id.* at 7). "Upon throwing up," Defendant Anderson continued, "that red balloon was retained by…[Plaintiff's] wife." (*Id.* at 7). Plaintiff appealed his resulting sanction of 60 days in disciplinary custody. (*Id.* at 9). The Program Review Committee sustained the misconduct but reduced Plaintiff's sanction to a term of 30 days. (*Id.* at 9). As explained in the R&R, the Third Circuit has routinely held that such sanctions do not implicate an inmate's protected liberty interest. (Doc. 60 at 8 (citing *Crosby v. Piazza*, 2012 WL 641938, at *2 (3d Cir. 2012) (placement in the Restricted Housing Unit for nine months did not constitute "atypical or significant hardship"), *Torres v. Fauver*, 292 F.3d 141, 150-51 (3d Cir. 2002) (disciplinary detention for 15 days and administrative segregation for four months did not impinge protected liberty interest), *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (seven months in

disciplinary confinement did not, on its own, violate protected liberty interest)). Thus, the R&R recommends dismissing Plaintiff's due process claims. (Doc. 60).

Plaintiff timely filed a document that purports to "respond" to the R&R. (Doc. 69). However, Plaintiff's Objections mention the R&R only in the document's title, and none of Plaintiff's responses mention any of the R&Rs findings. (*See id.*). Instead, Plaintiff largely reiterates the allegations he makes in his Complaint.[2] (*Compare id. with* Docs. 3, 7). In any event, the R&R is correct that a sanction of 30 days in disciplinary custody does not, on its own, implicate a protected liberty interest, and, therefore, that Plaintiff's due process claims should be dismissed.[3] See *Crosby v. Piazza*, 2012 WL 641938, at *2; *Torres*, 292 F.3d at 150-51; *Smith*, 293 F.3d at 654. Accordingly, the Court **HEREBY ORDERS**:

(1) The Court **ADOPTS** the Report and Recommendation [Doc. 60];

(2) Defendants' Motion to Dismiss [Doc. 28] is **GRANTED**;

(3) Defendants Rivers, Knight, Davis, Anderson, Jones, Szelewski, Franz, and Clark are **DISMISSED** from this case;

(4) The clerk shall send copies of this Order to the parties.

**IT IS SO ORDERED**.

DATED this 29th day of March, 2018.

                                                                       *Barbara J Rothstein*
                                                                       BARBARA J. ROTHSTEIN
                                                                       UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff, in his Objections, additionally alleges for the first time that he was never shown the video that purports to depict him swallowing the balloon full of contraband. (Doc. 69 at 2). Even if Plaintiff's contention were properly before the Court, it would not change the Court's analysis. *See, e.g.*, *Crosby v. Piazza*, 2012 WL 641938, at *2 (3d Cir. 2012).

[3] Having found that Plaintiff has not stated actionable due process claims, the Court need not address the R&R's additional finding that any claims against Defendants in their official capacities are barred by sovereign immunity. (Doc. 60 at 9-10).