# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY R. BRADLEY, | ) | |
|        Plaintiff | ) | C.A. No. 16-295 Erie |
|    v. | ) | |
| | ) | District Judge Susan Paradise Baxter |
| CORRECTIONAL OFFICER | ) | |
| PUTNAM, et al., | ) | |
|        Defendants. | ) | |

## **MEMORANDUM OPINION**

### I.    INTRODUCTION

Plaintiff Tracy R. Bradley, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), initiated this civil rights action on December 9, 2016, by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the following Defendants, all of whom are staff members at SCI-Albion: Correctional Officer Putnam, Security Lieutenant T. Anderson, Deputy Superintendent Franz, Superintendent Clark, Captain Jones, Hearing Examiner Swelski, and Correctional Officers Davis, Rivers, and J. Knight.

On March 22, 2017, this case was assigned to District Judge Barbara Rothstein, as presiding judge, and to the undersigned, as the referred Magistrate Judge. On March 29, 2018, Judge Rothstein issued an Order [ECF No. 71] adopting the undersigned's Report and Recommendation [ECF No. 60] and dismissing Plaintiff's claims against all Defendants other than Defendant Putnam. As a result, the only claim remaining in this case is an Eighth Amendment claim against Defendant Putnam, alleging that Plaintiff arrived at SCI-Albion suffering from a "bad urinary infection" and needed to use the bathroom, but Defendant Putnam

refused, causing Plaintiff to urinate on himself and to remain in soiled garments for a period of time.

On September 14, 2018, the undersigned was sworn in as a United States District Judge, and this action was subsequently reassigned to the undersigned, as presiding judge, on September 17, 2018. Now pending before this Court is Defendant Putnam's motion for summary judgment [ECF No. 81] asserting, *inter alia*, that Plaintiff failed to exhaust his administrative remedies as to the remaining claim in this case. Plaintiff has since filed a brief in opposition to Defendants' motion [ECF No. 95]. This matter is now ripe for consideration.

## II. DISCUSSION

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA") provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.[1]

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available

---

[1] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints"). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

Indeed, the United States Supreme Court has repeatedly confirmed that "[t]here is no question that exhaustion is mandatory under the PLRA." Ross v. Blake, ___ U.S. ___, 136 S. Ct. 1850, 1856 (2016), quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006), accord Jones v. Bock, 549 U.S. 199, 211 (2007). "And that mandatory language means a court may not excuse a failure to exhaust, even to take [] [special] circumstances into account." Ross at 1856.

Because the PLRA is a statutory exhaustion provision, "Congress sets the rules – and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857. Accordingly, exhaustion is required regardless of the availability of the requested relief, and regardless of the nature of the underlying claim, whether it arises from excessive force, or a violation of the constitution. Id., citing Booth v. Churner, 532 U.S. 731, 741 (2001); Porter, 534 U.S. at 520; Woodford, 548 U.S. at 91. Additionally, exhaustion must be "proper," which "demands compliance with an agency's deadlines and other critical procedural rules." Woodford, at 90. This serves to protect "administrative agency authority" over the matter, giving an agency "an opportunity to correct its own mistakes …

---

2

Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

before it is haled into federal court," and "discourages 'disregard of [the agency's] procedures." Id. at 89, quoting McCarthy, 503 U.S. at 145.

### 1. The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218.

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

### 2. Analysis

In support of their argument that Plaintiff failed to exhaust administrative remedies as to all claims against them, Defendants have submitted the Declaration of Michele Tharp ("Tharp Declaration"), Assistant to the Superintendent and Grievance Coordinator at SCI-Albion, who

declares, *inter alia*, that Plaintiff did not file any grievances regarding his allegations against Defendant Putnam. (ECF No. 84-1, at ¶ 13).

In his opposition brief, Plaintiff denies that he failed to file a grievance, declaring that he did submit a grievance while he was in SCI-Albion's RHU, but he never received a response. (ECF No. 95, at ¶ 13). However, he fails to identify the date or subject matter of the grievance, and has provided no evidence of its existence. He then goes on to say that "in many cases grievances are filed, some are never returned, some are returned stating that the grievance submitted was frivolous because the protection of the officer impedes the importance of the abuse and treatment of the inmate especially if he is a black inmate unfortunately." (Id. at ¶ 14). [3]

The Third Circuit has recognized a "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the [PLRA] requires." Davis v. Warman, 49 Fed. Appx. 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances," Harris v. Armstrong, 149 Fed. Appx. 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." Davis, 49 Fed. Appx. at 368. This he has failed to do.

In Robinson v. Superintendent Rockview SCI, 831 F.3d 148 (3d Cir. 2016), the Third Circuit concluded that the institution in that case "rendered its administrative remedies unavailable to [an inmate] when it failed to timely (by its own procedural rules) respond to his grievance and then repeatedly ignored his follow-up requests for a decision on his claim." Id. at 154. Significantly, in Robinson, the plaintiff sent the first of three separate requests for an update

---

[3] The Court notes that, to the extent Plaintiff is attempting to argue that any effort to exhaust the administrative process would be futile, it is well-settled that there is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002), citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000).

on the status of his grievance, all of which were ignored by the institution. Only after the third such request went unanswered did the plaintiff proceed with filing a lawsuit, nearly three months after the initial response to his grievance was due. Based on this egregious set of facts, the Third Circuit Court determined that Plaintiff's administrative remedies were rendered unavailable. Such is not the case here.

In this case, even assuming *arguendo* that Plaintiff did file a timely grievance regarding the remaining claim against Defendant Putnam in this case, Plaintiff merely asserts that he spoke to "administrative personnel" regarding the alleged lack of response, to no avail. (ECF No. 95, at ¶ 15). Plaintiff apparently made no effort to ascertain the status of the response through written inmate requests, as in Robinson, since he has not asserted or provided any evidence that he did so. Thus, there is no evidence that Plaintiff's administrative remedies were ever rendered unavailable prior to his filing of the instant lawsuit. Instead, Plaintiff is simply attempting to rest upon his assertion that he did not receive a timely response to excuse his failure to exhaust his administrative remedies. This he cannot do. Consequently, the Court finds that Plaintiff never exhausted his administrative remedies as to his only remaining claim against Defendant Putnam, and summary judgment will be granted in favor of Defendant Putnam accordingly.

An appropriate Order follows.